**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BNSF Railway Co., | ) | No. 07-8068-PCT-PGR |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Coconino Land and Cattle LLC | ) | |
| Defendant. | ) | |

      Currently before the Court are Coconino's Motions to Strike BNSF's "Objections" to Coconino's Consolidated Statements of Fact in Support of their Responses to BNSF's Motions for Summary Judgment. (Docs. 229 and 233.)

      Coconino argues that BNSF's Objections are not authorised and should be stricken from the record. It further asserts that by filing the Objections, BNSF is illustrating a "willingness to expend virtually unlimited resources to burden Coconino Land with legal fees ***." Coconino has made this contention while itself making virtually duplicative filings of the same argument in lieu of filing one motion to strike both Objections filed by BNSF. (Docs. 229 and 233.) Moreover, the Court notes that upon a simple reading, BNSF's "Objections" are nothing more than (1) statements as to whether BNSF disputes Coconino's responses to BNSF's original statement of facts and (2) a list of evidentiary objections, both combined in the same document.

      Local Rule 56.1 requires a separate statement of facts to accompany a summary judgment motion and response, but it does not clearly state anything about the format of a reply. As understood by BNSF, despite the lack of requirements articulated in the Rule, there

1 is information that must be included in a statement of facts such as (1) objections to another 2 party's proffered evidence; (2) responses to another party's evidentiary objections; (3) 3 additional evidence offered to rebut or explain proffered evidence; and (4) evidence to 4 address curable objections such as foundation under Rule 602.  BNSF correctly points out 5 that the first sentence of Local Rule 7.2(m)(2) states that objections to evidence offered "in 6 support of or opposition to" a summary judgment motion "must be presented" in a separate 7 statement thereby requiring a reply statement of facts if there are any evidentiary objections 8 to be made.

9 BNSF notes that although the provisions for responses to objections and rebuttal 10 evidentiary materials are not completely clear, "common sense suggests that the most 11 organized and straightforward way to present all these matters is in a separate statement, 12 numbered consistently with the other required separate statements."  The Court agrees. 13 Moreover, on January 7, 2009 , BNSF filed a similar statement with its Reply brief without 14 objection from Coconino.  (Doc. 74.)

15 The issue of whether Reply statements of fact are permitted is not well-settled in this 16 district.  However, district court judges have broad discretion in interpreting and applying 17 local rules of practice. Simmons v. Navajo County, 609 F.3d at 1011, 1017.)  It is not this 18 Court's practice to prioritize form over substance.  Furthermore, there is no clearly 19 established law prohibiting such a filing.  Finally, the Court notes that in the case *sub judice*, 20 the practice of filing such a document has previously occurred without objection by 21 Coconino and the Court will not now permit Coconino to object, presumably based upon the 22 substance of the document, not the practice itself.

23 The Court finds that BNSF's Objections comply with 7.2(m)(2).  Pursuant to LRCiv 24 7.2, BNSF has not filed a *separate motion to strike*; rather, it filed Objections in conjunction 25 with its Reply briefs.  The paragraphs therein correspond with the paragraphs of the 26 statement of facts set forth in the Response briefs to which it is objecting.  Moreover, the 27 Court is not inclined to prioritize form over substance; and Coconino will not avoid

28

substantive review of the material at issue based upon what would amount to a procedural loophole, at best.

     Counsel is advised not to file any further documents until they have read the Local Rules and have become familiar with the Court's requirements. Finally, the Court notes that during the pendency of this case, it has tolerated several occasions of digression from counsel for both parties. The Court advises that before filing documents attacking opposing counsel's form and procedure, counsel should consider the substance of the underlying issues and the eventual cost of any proposed filings to their respective clients.

     Accordingly,

     IT IS HEREBY ORDERED DENYING Coconino's Motions to Strike BNSF's Objections. (Docs. 229 and 233.)

     IT IS FURTHER ORDERED DENYING Coconino's request to file a separate response. In the event that Coconino desires permission to file a surreply, Coconino must file a motion for leave demonstrating a proper basis for such a filing.

     DATED this 29th day of November, 2010.

Paul G. Rosenblatt
United States District Judge

- 3 -